IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SHANNON PENNINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 7:25-CV-00025-O |
| CITY VIEW INDEPENDENT SCHOOL DISTRICT, JESSE THOMAS, CARRIE ALLEN, KIM WILLIAMS, and KYLE COLLIER, | § § § § § | |
| | § | |
| Defendants. | § | |

**INDIVIDUAL DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED PETITION**

Defendants Jesse Thomas, Kim Williams, and Kyle Collier (collectively the Individual Defendants) file this Reply Brief in support of their Motion for Partial Dismissal of Plaintiff's First Amended Petition and, in support thereof, would respectfully show the Court as follows:

**A.   Plaintiff failed to plead facts sufficient to overcome the Individual Defendants' qualified immunity with respect to Plaintiff's procedural due process claim.**

Plaintiff cannot overcome the Individual Defendants' entitlement to qualified immunity. As discussed in the Motion to Dismiss, Plaintiff must plead facts showing (1) that the official violated a constitutional right, and (2) that the right was clearly established at the time of the alleged misconduct.[1] Yet her First Amended Petition and Response fail to establish either prong. Indeed, while Plaintiff attempts to link each Individual Defendant to a violation of her procedural due process rights, in reality she directs the Court to vague, generalized misconduct. For example, she alleges that Defendant Thomas questioned her during the grievance process about her custody

---

[1] It is axiomatic that the Texas Legislature's Parental Bill of Rights does not establish a constitutional right subject to redress under federal law.

1

proceedings and claims he "colluded" with her ex-husband to undermine her parental rights. She states that Principal Williams allegedly made a false report about a verbal altercation, and that Chief Collier signed a criminal trespass warning without providing due process. As to Allen, Plaintiff provides no detail at all beyond asserting she was involved in the grievance process. These allegations are not only vague, they fail to demonstrate how each Superintendent Thomas, Principal Williams, and Chief Collier individually violated clearly established constitutional law.

Though Plaintiff repeatedly cites her dissatisfaction with the grievance process and the fact that it took six months to resolve her complaints, this delay does not amount to a constitutional violation especially as Plaintiff admits she received multiple opportunities to be heard under the District's three level grievance policy. Plaintiff's assertion that this timeline was "absurd" does not transform routine administrative review into a violation of Plaintiff's procedural due process rights. Moreover, Plaintiff's Response concedes that the Individual Defendants acted within their respective roles in the District: Thomas as Superintendent, Williams as Principal, and Collier as Chief of Police.

Plaintiff offers no authority or facts to show that these Defendants violated clearly established law simply by issuing or upholding a trespass warning or handling a grievance. In fact, Plaintiff's allegations affirm that the Individual Defendants' actions took place within the context of school safety and internal policy enforcement which are discretionary functions entitled to qualified immunity. Plaintiff bears the burden of overcoming this immunity, and she has not done so. Therefore, Plaintiff's procedural due process claims against the Individual Defendants must be dismissed.

**B.     Plaintiff's factual allegations fail to state a claim against the Individual Defendants for conspiracy to interfere with her civil rights under 42 U.S.C. § 1985.**

As previously stated, to succeed on her conspiracy claim, Plaintiff must allege: (1) a

conspiracy of two or more persons; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Angel v. La Joya Indep. Sch. Dist.*, 717 Fed. App'x. 372, 378 (5th Cir. 2017).

Plaintiff argues in her Response that the Individual Defendants acted in concert to retaliate against her for exercising her First Amendment rights and to interfere with her parental rights by issuing a criminal trespass warning and mishandling her grievance process. However, Plaintiff's allegations are vague, speculative, and devoid of any factual detail suggesting that any actual agreement or coordinated plan existed between the Individual Defendants. There is no factual allegation of a meeting of the minds, no shared plan, and no overt act that plausibly links the Individual Defendants together in furtherance of a conspiracy.

Moreover, Plaintiff does not plead any specific act undertaken in furtherance of the alleged conspiracy beyond ordinary administrative decisions. Her disagreement with those decisions does not transform them into evidence of collusion. Likewise, her claim that Superintendent Thomas "colluded" with her ex-husband is unsupported by any specific facts and appears to stem more from a personal custody dispute than a claim relevant to the present matter. While Plaintiff asserts that she was harmed by being excluded from events, she does not connect these outcomes to any actual conspiratorial conduct. Without an actual showing that the alleged conspiracy is in fact what deprived her of her rights, Plaintiff has failed to meet the final requirement under a conspiracy claim.

Regardless, Plaintiff cannot overcome binding Fifth Circuit precedent precluding her conspiracy claim against the Individual Defendants. More to the point, Plaintiff's conspiracy claim

under § 1985 fails given the Fifth Circuit's "'intracorporate-conspiracy doctrine,' which precludes plaintiffs from bringing conspiracy claims [ ] against multiple defendants employed by the same governmental entity." *Konan v. United States Postal Serv.*, 96 F.4th 799, 805 (5th Cir. 2024). As the Fifth Circuit has consistently held, "an agency and its employees are a 'single legal entity which is incapable of conspiring with itself.'" *Id.* Accordingly, Plaintiff's conspiracy claim must be dismissed.

**C.   Defendants object to Plaintiff's request for leave to amend.**

Plaintiff seeks leave to amend yet offers no indication of how she would cure the deficiencies identified in the Motion to Dismiss. Plaintiff has already amended her complaint once and asserted 38 paragraphs of factual allegations in her First Amended Petition—many of which are repetitive, conclusory, or irrelevant. She has had ample opportunity to plead her best case. To now allow her to amend again would serve no purpose other than to waste time and judicial resources. Amendment would be futile where, as here, the claims are barred as a matter of law, lack any viable factual foundation, and fail on their face. There is simply nothing more Plaintiff could plausibly say to salvage these claims. Accordingly, the request to amend should be denied.

WHEREFORE, PREMISES CONSIDERED, the Individual Defendants pray that this Court grant their Motion for Partial Dismissal of Plaintiff's First Amended Petition in accordance with Rule 12(b)(6). The Individual Defendants pray for such other and further relief to which they may show themselves justly entitled, including attorneys' fees and court costs.

          Respectfully submitted,

          By: /s/Meredith Prykryl Walker
              Meredith Prykryl Walker
              State Bar No. 24056487

>Meredith Prykryl Walker
>WALSH GALLEGOS KYLE
>ROBINSON & ROALSON P.C.
>105 Decker Court, Suite 700
>Irving, Texas 75062
>214.574.8800
>214.574.8801 (facsimile)
>mwalker@wabsa.com
>
>ATTORNEY FOR DEFENDANTS JESSE THOMAS, KIM WILLIAMS, AND KYLE COLLIER

## CERTIFICATE OF SERVICE

On May 9, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>Janelle L. Davis
>Janelle L. Davis Law, PLLC
>P.O. Box 1311
>Prosper, Texas 75078

>/s/Meredith Prykryl Walker
>Meredith Prykryl Walker

5